**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DAVID ANTHONY TOFFLEMIRE**                                                                      **PLAINTIFF**

**V.**                                                                                      **NO. 4:08CV142-A-D**

**MARCUS FULLWILEY, et al.**                                                                    **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

On March 5, 2009, Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. § 1983.

In his complaint, Tofflemire claimed that he was assaulted by corrections officer Fullwiley. At the hearing, Tofflemire stated that he was working field detail while housed at the Mississippi State Penitentiary at Parchman when he admittedly he hurled verbal insults at Fullwiley. In response, Fullwiley grabbed Tofflemire by the throat, choked, punched and threw him to the ground. Fullwiley instructed Tofflemire to lay face-down on the ground while he and other officers discussed how to handle the situation. After Tofflemire was placed in restraints, he claims that an unidentified officer sprayed nearly an entire can of mace in his face. Later that day, Tofflemire received a rule-violation-report ("RVR") for assaulting Fullwilley. Other than bruises and the discomfort associated with the administration of mace, Tofflemire admits he suffered no physical injury.

Approximately seven days later, Tofflemire was afforded a disciplinary hearing for the RVR. He was allowed only one witness in the form of a written statement prepared by a corrections officer for another inmate. Defendant Harris conducted the hearing and ultimately found Tofflemire guilty of the charged conduct. Aggrieved by the decision, Tofflemire elected to appeal through the prison's administrative remedy program. At the *Spears* hearing, Tofflemire explained that he had named Epps, Kelly and Petrie as Defendants based on their respective roles in the administrative

remedy process including a delayed response. These Defendants have no other personal involvement.

It is well settled, that in a § 1983 action employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). It is clear that Tofflemire is attempting to circumvent the rule in *Monell*. Defendants Epps, Kelly and Petrie had no direct involvement, personal knowledge or any notice that Defendant Fullwiley may have posed a significant risk to Plaintiff's safety. Rather, these individuals were named a defendants solely based on their supervisory capacities over Defendant Fullwiley and the administrative remedies program. Accordingly, the undersigned recommends that Epps, Kelly and Petrie and the claims against them be dismissed with prejudice.

Tofflemire alleged that Defendant Harris violated his right to due process by virtue of the disciplinary hearing outcome. It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). This means that a prison disciplinary decision will be overturned only where there is no evidence whatsoever to support the decision of the prison official. *Id.*

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case.[1] *Brown v. Felts*, 128 Fed. Appx. 345, 2005 WL 719491 at *1 (5th Cir. Feb. 23, 2005) (placement in administrative detention does not raise a constitutional issue). Plaintiff was afforded a disciplinary hearing to challenge the RVR and allowed to call a witness, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Absent some allegation of a violation of his rights, Tofflemire is not entitled to relief. Accordingly, Plaintiff's due process claim against Harris has no merit and shall be dismissed.

Plaintiff may proceed with his excessive force claim as to Defendant Fullwiley.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgement form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 9th day of March, 2009.

    /s/ JERRY A. DAVIS
    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff did not allege the loss of any good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 1587-88, 137 L. Ed. 2d 906 (1997) (a prisoner cannot seek to overturn a disciplinary case under 1983 until that case is expunged or otherwise declared invalid).